CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2012 SEP -6 PM 12:58
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DOUGLAS ALAN DUNN,  )
TDCJ #1002086,  )
    Petitioner,  )
  )
v.  )   Civil No. 7:12-CV-076-O-BL
  )
RICK THALER, Director,  )
Texas Department of Criminal Justice,  )
Correctional Institutions Division,  )
    Respondent.  )

## REPORT AND RECOMMENDATION

Petitioner, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. Dunn challenges the validity of disciplinary actions no. 20120146389 and 20120192436 which were brought against him at the Allred Unit.[1] Petition ¶ 17. Petitioner was found guilty of extortion, threatening an offender, and fraud. Brief in Support of Petition pp. 1-2. The disciplinary action resulted in a reduction in Petitioner's custodial classification, 45 days of commissary restriction, 15 days of recreation restriction, placement in administrative segregation, the loss of 90 days of previously earned good-time credits, and the forfeiture of $600. *Id.* at ¶¶ 18 & 20.C.

Petitioner has failed to state a colorable claim for habeas corpus relief. Dunn has no constitutionally protected interest in his prison custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence

---

[1] The two disciplinary actions involved the same offense. The first action was dismissed by the warden and the charge was re-filed under the second case number.

of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Therefore, the reduction in his custodial classification does not warrant due process protections.

With regard to the loss of recreation and commissary privileges, Dunn is not entitled to habeas relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Dunn do not raise such concerns. Similarly, placement in administrative segregation is not constitutionally infirm. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

Petitioner concedes that he is not eligible for mandatory supervised release. Petition ¶ 16. Therefore, he has no constitutionally protected liberty interest at stake. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate who is eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding.

Finally, Petitioner claims that a $600 hold was placed on his inmate trust account as a result of the disciplinary action. Such a claim does not implicate any liberty interest and does not constitute a ground for habeas relief. However, a deprivation-of-property claim may be cognizable

under the Civil Rights Act. 42 U.S.C. § 1983. For that reason, this claim has been severed from the instant action and will be considered in a new action filed under 42 U.S.C. § 1983.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 6th day of September, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE